Kevin M. McArdle, Esq. Informal Opinion County Attorney No. 2000-16 Office of the Lewis County Attorney P.O. Box 128 Lowville, New York 13367-0128
Dear Mr. McArdle:
You have inquired whether existing law governing the use of snowmobiles in New York would prohibit Lewis County from implementing a county-wide snowmobile permit system. Your inquiry indicates that the County is interested in establishing a snowmobile trail system comprised of County roads, town roads, seasonally maintained roads, snowmobile trail easements and/or rights-of-way. The County further envisions that it would contract with a not-for-profit corporation to administer the sale and distribution of permits to use the snowmobile trail system.
We conclude that the County may not implement any snowmobile permit system which involves charging fees for the use of snowmobiles on public highways and lands.
The operation of snowmobiles in the State is governed by both statutes and regulations. See Parks, Recreation and Historic Preservation Law art. 21 (general provisions); id. art. 25 (use and operation); Vehicle Traffic Law art. 47 (registration and use of snowmobiles); 9 N.Y.C.R.R. parts 453-460 (snowmobile regulations promulgated by the Office of Parks, Recreation and Historic Preservation). Pursuant to these provisions, snowmobiles may be operated on portions of certain public highways. See Parks, Recreation and Historic Preservation Law §25.05. A municipality may enact ordinances or local laws which restrict the use of snowmobiles on public lands as long as those restrictions are not inconsistent with State law. See id. § 25.09. A municipality which has jurisdiction over a local public park may also require a permit "for use of snowmobiles on such park lands." Vehicle Traffic Law § 2226 Veh. Traf.
A municipality is expressly prohibited, however, from establishing any restrictions or conditions which:
 require the operator of a snowmobile to possess a motor vehicle operator's license or impose a fee for the use of public lands or waters or access thereto, except the usual charge, if any, for the admission to such property, parking privileges or services provided.
Parks, Recreation and Historic Preservation Law § 25.09(2) (emphasis added); see also Vehicle Traffic Law § 2226 Veh. Traf. ("No charge for [the use of snowmobiles on park lands] may be made, except the usual charge, if any, for admission to such park, parking privileges or services provides"). Due to this express prohibition against charging fees for a snowmobile operator's use of public lands, we believe that the County may not implement a fee-based snowmobile permit system such as the one proposed. See 1986 Op. Atty. Gen. (Inf.) 91 (municipality may not require registration and payment of fees as preconditions to snowmobile use).
Although the County may not charge any fees for a snowmobile operator's use of public lands, nothing prohibits it from developing a snowmobile trail system. In fact, counties are eligible for State aid for "engaging and assisting in the development of a system of snowmobile trails and a program with relation thereto within [their] boundaries in order to encourage safety, tourism and utilization" of snowmobile trails. Parks, Recreation and Historic Preservation Law §27.17(1); see 9 N.Y.C.R.R. part 454 (snowmobile trail development and maintenance regulations). In this regard, the implementation of any local fee-based snowmobile permit system, even if not otherwise prohibited under State law, could result in the loss of the State aid otherwise available to counties fordevelopment of trails because it could be viewed as impeding tourism and the use of snowmobile trails, rather than promoting those objectives.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
GINA M. CICCONE, Assistant Solicitor General